CHARLOTTE LILIANTHAL and Others, as Executors, etc., of JOSEPH LILIANTHAL, Deceased, Respondents, *v.* ISRAEL LESSER and Others, Defendants, Impleaded with BENJAMIN BARKER, JR., as Trustee in Bankruptcy of the Estate of ISRAEL LESSER, and NINTH NATIONAL BANK OF THE CITY OF NEW YORK, Appellants.

*Subrogation of executors to the rights of a mortgagee in a mortgage, given by the grantor of their testator, and paid by them — rights of judgment creditors of the mortgagor whose conveyance to the testator has been adjudged to be bad as against creditors of the mortgagor.*

October 2, 1896, Israel Lesser conveyed to Joseph Lilianthal certain premises subject to a mortgage for $8,000 held by a third party. Thereafter Metcalf Bros. & Co., judgment creditors of the said Israel Lesser, brought an action to set aside the conveyance to Lilianthal as fraudulent and void and recovered therein at the Special Term a judgment declaring such conveyance to be fraudulent as to creditors.

Upon an appeal to the Appellate Division the latter court reversed the judgment, stating in its opinion that there was no evidence that Lilianthal had any notice of the fraudulent intent of the grantor and that, as a purchaser for a valuable consideration, he was entitled to be protected in the absence of proof that he participated in the fraud. Metcalf Bros. & Co. appealed from the judgment of the Appellate Division to the Court of Appeals, and about ten days after the service of the notice of appeal Lilianthal's executors (he having died during the pendency of the action) paid the mortgage which was then due; on such appeal the judgment of the Appellate Division was reversed on the law.

At the time of such payment there was pending another action brought by the Ninth National Bank, another judgment creditor of Lesser, to set aside the

conveyance to Lilianthal as fraudulent and void, but the executors had no notice of such action except the constructive notice arising out of the filing of the *lis pendens,* although such executors appeared therein after paying the mortgage.

*Held,* that Lilianthal's executors were entitled to be subrogated to the rights of the mortgagee;

That, in paying the mortgage, they in nowise prejudiced, but, on the contrary, benefited the judgment creditors; that they did not act as volunteers, but in the performance of their duty as executors and trustees to protect the estate in their charge, in which they had an interest which justified such action on their part.

APPEAL by the defendants, Benjamin Barker, Jr., as trustee in bankruptcy of the estate of Israel Lesser, and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 14th day of October, 1904, upon the decision of the court rendered after a trial at the New York Special Term.

*Otto T. Hess,* for the appellant Barker.

*Nelson S. Spencer,* for the appellant Ninth National Bank.

*Everett V. Abbot,* for the respondents.

O'BRIEN, J. :

The learned court at Special Term adjudged that the plaintiffs were entitled to be subrogated to the rights of the Mutual Life Insurance Company in and to a bond and mortgage for $8,000, and this judgment is based upon the finding that, " In paying the said bond and discharging the said premises from the lien of the said mortgage, the plaintiff executors were not volunteers ; but they acted in pursuance of their duty as executors and trustees to protect the estate in their charge. None of the defendants were injured by the said payment, but, on the contrary, were benefited thereby, inasmuch as the said payment rendered it impossible for the said Mutual Life Insurance Company to foreclose the said mortgage and to cut off and destroy their several liens." If the evidence sustains this finding, then, clearly, under the principle of equitable subrogation, the judgment is right.

There is practically no dispute as to the facts. The plaintiffs are executors of Joseph Lilianthal, whose will was admitted to probate

in October, 1898. Prior to his death, and on October 2, 1896, the the defendant Israel Lesser conveyed to him certain premises situated in the city of New York, subject to a mortgage for $8,000 to the Mutual Life Insurance Company as mortgagee. After Lilianthal's death, and on April 3, 1899, plaintiffs, as his executors, paid the mortgage, which was then due, together with all accrued interest. Shortly after the conveyance of the premises to Lilianthal, and on December 17, 1896, an action was brought against him and others by Metcalf Bros. & Co., a judgment creditor of Lesser, to set aside the conveyance as fraudulent and void. As the result of the trial in that action, a judgment was entered in April, 1898, declaring the conveyances to Lilianthal to be fraudulent as against creditors, but upon appeal to this court that judgment was reversed. (*Metcalf* v. *Moses*, 35 App. Div. 596.) While the appeal was pending in this court Lilianthal died, and the action was revived and continued against his executors, who are these plaintiffs. The plaintiff in the Metcalf action obtained leave to appeal to the Court of Appeals from the decision of this court, and pursuant thereto served a notice of appeal on March 24, 1899, and about ten days before the plaintiffs paid the mortgage. After the judgment resulting from the trial had been entered in the Metcalf action, and on May 27, 1898, the Ninth National Bank, another of Lesser's judgment creditors, commenced a similar action against Lilianthal and others to have the conveyance set aside, and on March 31, 1899, a notice of pendency of that action was filed in the office of the clerk of New York county. It does not appear that Lilianthal was served or appeared in that action, but on April 15, 1899, these plaintiffs, as his executors, voluntarily appeared therein and answered. No other actions were pending against these plaintiffs at the time they paid the mortgage, and it appears that the Metcalf judgment has now been satisfied out of the assets of the Lesser estate, and Metcalf Bros. & Co. have no further claim in this action.

This court, in its opinion (35 App. Div. 596) reversing the Metcalf judgment, stated that there was no evidence that Lilianthal had any notice of the fraudulent intent of the grantors, and that, as a purchaser for a valuable consideration, he was entitled to be protected, in the absence of proof that he participated in the fraud. This adjudication upon the facts, that Lilianthal was without fault, had

not been disturbed when the plaintiffs paid the mortgage, and it is not necessary, in our opinion, to consider the subsequent decision of the Court of Appeals reversing that adjudication, except to say that the last-named court did not pass upon the facts. (*Metcalf* v. *Moses*, 161 N. Y. 587.) The situation, therefore, at the time when these plaintiffs paid the mortgage can be briefly described as follows: The property which was subject to the mortgage had been conveyed to Lilianthal. Two actions had been brought to set aside that conveyance as fraudulent and void as against creditors. As to one of these actions (the bank action) these plaintiffs had only constructive notice through the filing of the *lis pendens;* as to the other (the Metcalf action) the Appellate Division had held that Lilianthal was not cognizant of any fraud in connection with the transfer, and the judgment setting aside the transfer had been reversed as to him. Leave had been granted by the Court of Appeals to take a further appeal to that tribunal, and notice of appeal pursuant to such leave had been served upon these plaintiffs. At that time the mortgage became due, and could have been enforced by the mortgagee against the land, and to preserve the interest of the testator's estate in that land these executors paid the mortgage. The mortgage was a lien on the land prior to the liens under the judgments, and it had to be paid before the payment of the judgment creditors' claims.

In making the payment, therefore, the executors in no way injured or prejudiced the judgment creditors, nor is there anything to show that they acted in bad faith. The fraud which may have tainted the original conveyance of the land so far as Lilianthal is concerned, did not extend to or affect the subsequent acts of these plaintiffs in paying the mortgage to preserve the property for the benefit of the estate. The conveyance of the property and the payment of the mortgage were two separate transactions. At the time the payment was made the highest tribunal which had passed upon the rights of the parties had held that the conveyance was valid as to Lilianthal, and when the mortgage became due these executors' were obliged to meet the situation as then defined by the controlling judicial decision.

The appeal which had been permitted in the Metcalf action to the Court of Appeals did not affect the then legal status of the

property.   As executors and trustees, these plaintiffs had such an interest therein that they were justified in protecting it.   It is true that a mere volunteer who makes a payment will not be subrogated in the place of a person whose rights he seeks to acquire, simply because he has paid a debt or discharged an obligation for which that person was responsible (*Koehler* v. *Hughes*, 148 N. Y. 507); but when one stands in the position of a surety or a trustee or executor, and is compelled to pay in order to protect his own rights, or the rights of those whom he represents, a court of equity, if he has acted in good faith, will substitute him in the place of the creditor.

It is not necessary for us to determine whether, if Lilianthal had lived, he could have been subrogated.

It would be a harsh rule to apply to these plaintiffs, who in good faith had made the payment as executors to protect the interest of the estate in the land, if the courts should hold that they were not entitled to be subrogated.   They might have more certainly protected themselves had they secured an assignment of the mortgage instead of paying it, but that is no reason for refusing to subrogate them.   In making the payment they discharged a duty and an obligation that rested upon them and in discharging it they did nothing which in the slightest way impaired the rights or affected the interests of the judgment creditors, who at most were entitled to the land subject to the mortgage which was its condition when it was conveyed to Lilianthal.

Thinking, as we do, that the evidence fully supports the finding upon which the judgment is based, it follows that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM, HATCH and LAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.