SYRACUSE LIGHTING COMPANY, Respondent, *v.* MARYLAND CASUALTY COMPANY, Appellant.

Insurance (liability) — subrogation — merger of corporations — corporation merged with another — when the resulting corporation is subrogated to the rights of the merged company under a policy of insurance against liability for accidents — when a defense that an action is barred by the Statute of Limitations is waived by the defendant.

Plaintiff, under the provisions of the Stock Corporation Law, under its corporate name, merged two additional corporations. *Held,* 1. That the plaintiff, under the statute, was not liable for the debts of the merged corporations.

2. Upon payment of a judgment by plaintiff recovered against it in an action to impress upon the property received by it from one of the merged corporations the amount of a judgment recovered against the latter corporation by a third person, plaintiff became subrogated to all rights and remedies of the merged corporation against defendant under the terms of a policy of insurance issued to said corporation and entitled to recover thereon.

3. The limitation of time for the commencement of an action provided for in the policy was waived by defendant.

*Syracuse Lighting Co.* v. *Maryland Casualty Co.,* 178 App. Div. 908, affirmed.

(Argued February 6, 1919; decided March 4, 1919.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 16, 1917, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William H. Harding* for appellant. The plaintiff has never acquired any rights under the policy issued to the electric light and power company which entitled it to recover thereon against the defendant in this action. (*Irvine* v. *N. Y. Edison Co.*, 207 N. Y. 425; *Tillman* v. *J. H. M. L. Ins. Co.*, 27 App. Div. 392; *Thomas* v. *Thomas*, 131 N. Y. 205; *Cremo Light Co.* v. *Parker*, 118 App. Div. 845; *White* v. *Maryland Gas Co.*, 139 App. Div. 179; *Lett* v. *Guardian Fire Ins. Co.*, 125 N. Y. 82; *Wyman* v. *Prosser*, 36 Barb. 368; *Miles Lamp Chimney Co.* v. *Erie Ins. Co.*, 73 N. E. Rep. 107.) Any action brought upon the policy in question must be brought by the electric light and power company, and not by the plaintiff. (*Beyer* v. *Ætna Life Ins. Co.*, 115 App. Div. 853; *Whiteside* v. *North American Acc. Ins. Assn.*, 200 N. Y. 320; *Wheeler* v. *Conn. Mutual Life Ins. Co.*, 82 N. Y. 543; *Roehner* v. *Knickerbocker Life Ins. Co.*, 63 N. Y. 160; *Rosenthal* v. *Am. Bonding Co.*, 207 N. Y. 162; *Cushman* v. *Fuel Co.*, 122 Iowa, 656; *Kinnan* v. *Fidelity & Casualty Co.*, 107 Ill. App. 406; *Frye* v. *Gas & Elec. Co.*, 97 Me. 241; *Klein* v. *Ins. Co.*, 104 U. S. 88; *Quinlan* v. *Providence Washington Ins. Co.*, 133 N. Y. 356; *Order United Com. Trav.* v. *Smith*, 192 Fed. Rep. 102.) The action was not brought within the time specified in the policy for the bringing of an action by the electric light and power company against the defendant and such limitation in the policy has not been waived. (Code Civ. Pro. § 414, subd. 1; *De Grove* v. *Met. Ins. Co.*, 61 N. Y. 594; *Williams* v. *Fire Assn. of Phila.*, 119 App. Div. 573; *Sullivan* v. *Prudential Ins. Co.*, 172 N. Y.

482; *Arthur* v. *Homestead Fire Ins. Co.*, 78 N. Y. 462; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136; *King* v. *Watertown Fire Ins. Co.*, 47 Hun, 1; *Wilkinson* v. *First Nat. Fire Ins. Co.*, 72 N. Y. 499; Joyce on Ins. § 3207; May on Insurance, §§ 485, 488; *Allen* v. *Dutchess Co. Mut. Ins. Co.*, 95 App. Div. 86; *Gooden* v. *Amoskeag Fire Ins. Co.*, 20 N. H. 73; *Elliott* v. *Mut. Ben. Life Assn.*, 76 Hun, 378.)

*Jerome L. Cheney* for respondent. The defendant is estopped by its own acts from claiming that the plaintiff never acquired any rights under the policy issued to the electric light and power company which entitled it to recover thereon. (Story on Agency, 163, § 140; 562, § 451; Meachem on Agency, 1758, § 2175; *Fulton* v. *N. Y. & Sharon Canal Co.*, 4 Paige, 127; *Holden* v. *N. Y. & Erie Bank*, 72 N. Y. 295; *N. Y. Assets Realization Co.* v. *Pforzheimer*, 158 App. Div. 700; *Robinson* v. *Pacific F. Ins. Co.*, 18 Hun, 395; *Glens Falls Cement Co.* v. *Travelers Ins. Co.*, 11 App. Div. 411; *Employers' Liability Co.* v. *Chicago, etc., Co.*, 141 Fed. Rep. 962; *Tozer* v. *Ocean Acc., etc., Co.*, 94 Minn. 478; *Clark* v. *West*, 193 N. Y. 349; *Rosenbloom* v. *Md. Casualty Co.*, 153 App. Div. 23; *Brassill* v. *Md. Casualty Co.*, 147 App. Div. 815; 210 N. Y. 235.) The merger of the electric light and power company into the Syracuse Lighting Company vested in the plaintiff all the rights which the merged company had in the policy of insurance, and empowered it to bring an action thereon in its own name. (*Matter of Bergdorf*, 149 App. Div. 529; 206 N. Y. 309; *Irvine* v. *N. Y. Edison Co.*, 207 N. Y. 425; *McElwain Co.* v. *Primavera*, 180 App. Div. 288.) The defendant by its conduct has waived the thirty-day limitation provision of the policy or is estopped from claiming the benefit thereof. (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Kiernan* v. *Dutchess Co. Mut. Ins. Co.*, 150 N. Y. 190; *Roby* v. *American Cent. Ins. Co.*, 120

N. Y. 510; *Goodwin* v. *Mass. Mut. L. Ins. Co.,* 73 N. Y. 480; *Prentice* v. *Knickerbocker L. Ins. Co.,* 77 N. Y. 483; *Walker* v. *Phœnix Ins. Co.,* 156 N. Y. 628; *Draper* v. *Oswego Ins. Co.,* 190 N. Y. 16; *Travelers Ins. Co.* v. *Henderson Cotton Mills,* 120 Ky. 218; *Queens Ins. Co.* v. *Youngs,* 86 Ala. 424; *Wagner·* v. *Mut. L. Ins. Co.,* 17 App. Div. 13; 162 N. Y. 657.)

HOGAN, J.   March 30, 1900, the defendant issued a policy of insurance to Electric Light and Power Company of Syracuse, hereinafter denominated Power Company, whereby defendant agreed to indemnify the Power Company for one year against loss from common law or statutory liability for damages on account of bodily injuries fatal or non-fatal suffered by any person or persons not employed by the assured and occurring within the factory, shop or yards described in the application, or upon the ways immediately adjacent thereto, provided for the use of employees, or the public, and caused by the negligence of the assured and resulting from the operation of the trade or business described in the said application. The liability of defendant thereunder for an accident resulting in injuries to, or *in* the death of one person, was limited to five thousand dollars ($5,000).

The policy contained the usual conditions as to notice, and agreement to defend the Power Company in any suit brought against it, and reserved to defendant exclusive authority to settle any claims, etc. Additional conditions were embodied in the policy which will be later considered.

On April 27, 1900, one James Hughes sustained injuries which resulted in his death. On June 27, 1900, the administratrix, et cetera, of James Hughes commenced an action against the Power Company to recover damages due to his death from injuries sustained. Defendant thereupon duly assumed the control and defense of the

action under the terms of its policy contract. Before the trial of the action and on July 1st, 1901, the plaintiff, then being the owner of the entire capital stock of the Power Company and a third corporation, pursuant to the provisions of the Stock Corporation Law (Cons. Laws, ch. 59, present section 15), duly filed the necessary certificate to merge the Power Company and the third corporation. The action brought by the administratrix against the Power Company was not tried until October, 1907. The trial resulted in a verdict for the plaintiff therein against the Power Company upon which judgment was entered for $8,886.34. The defendant here, in charge of the action for the Power Company, took an appeal therefrom to the Appellate Division and the latter court in January, 1909, affirmed the judgment. Subsequently it appealed to this court from the decision of the Appellate Division and the judgment was affirmed February 10, 1910. Executions were issued against the Power Company and returned unsatisfied.

In April, 1910, the administratrix of the Hughes estate commenced an action against plaintiff to collect the judgment obtained by her against the Power Company. Notice of said action together with the summons and complaint therein was forwarded to the defendant by plaintiff on or about April 23, 1910. Defendant declined to have anything to do with the action for the reason that a defense of the same did not come within the terms of the policy issued to the Power Company. Thereupon the plaintiff without waiving any of its rights defended the action which resulted in a judgment against the plaintiff June 20, 1910, for $10,534.10, upon which execution was issued and satisfied by plaintiff on June 23, 1910.

On October 13, 1910, the present action was commenced by plaintiff to recover the amount of indemnity provided for in the policy, $5,000, and interest thereon from October 30, 1907, the date of the judgment entered in the

first Hughes case. At the close of the trial, counsel for defendant moved that the trial justice direct a verdict for defendant. Counsel for plaintiff asked that a verdict be directed for plaintiff. The justice denied the motion of defendant, and granted the application of plaintiff. From the judgment entered, defendant took an appeal to the Appellate Division. The judgment was there affirmed, one justice dissenting. Defendant appeals to this court.

On behalf of appellant it is submitted that the plaintiff never acquired any rights under the policy issued by defendant to the Power Company which entitled it to recover thereon against defendant in this action. In support of that proposition reliance is placed upon two provisions annexed to the policy, viz.: " Any assignment of interest in this policy shall be void unless the written consent of the company is endorsed hereon by one of its officers." (Paragraph 7.) " No action shall lie against the company as respects any loss under this policy unless it be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue." (Paragraph 8.)

The judgment in the first action determined that during the term that the policy was in force the death of Mr. Hughes was due to the negligence of the Power Company and damages therefor were recoverable. The policy issued by defendant to the Power Company provided that the defendant would indemnify the Power Company against such damage to the extent of $5,000, and to discharge such indemnity after payment by the Power Company of the judgment recovered against it. Defendant having been vouched in the first Hughes action was bound thereby as to the amount of the damages recoverable against the Power Company and the same being in excess of $5,000, upon a satisfaction of the judgment by the Power Company, the defendant would be

liable to it to the extent of $5,000. The record does not disclose, neither was it asserted on the argument, that any formal assignment of the policy was made by the Power Company to plaintiff. The alleged violation of paragraph 7 of the conditions annexed to the policy, above quoted, is asserted for the reason that the Power Company merged with the plaintiff and thereby transferred its interests in the policy to plaintiff without a written consent of defendant indorsed thereon, hence plaintiff has no enforcible interest therein. And secondly that as the plaintiff was not named as he assured in the policy no contractual relation existed between it and defendant — therefore, payment of the judgment in the Hughes action by plaintiff was not a payment made by the Power Company, the assured named in the policy, and liability against defendant thereunder does not exist.

The questions presented necessitate a reference to the merger agreement and the effect of the same upon the rights of the parties. The plaintiff pursuant to section 15, Stock Corporation Law, merged the Power Company and an additional corporation. Thereupon as provided in the statute it became possessed of all of the estate, property, rights, privileges and franchises of such other corporations with the right in its name and by its board of directors to control the same. The Power Company did not by reason of such merger become dissolved as a corporate entity, nor did the statute under which the merger was authorized create a liability on the part of plaintiff for debts due or claims existing against the Power Company. The statute does provide that the merger shall be without prejudice to the liabilities of the corporations merged, or the rights of creditors thereof, thereby preserving the corporate existence of the Power Company for the sole purpose of protecting creditors of such corporation as well as any person in whose favor a liability against it existed, to proceed by suit against it

and to permit said company to defend against the same. (*Irvine* v. *New York Edison Company*, 207 N. Y. 425.)

At the time of the merger a liability existed against the Power Company in favor of the administratrix of the deceased Mr. Hughes. An action to establish the same and to recover thereon was pending. The defendant under its policy contract was in control of the defense of the action which was properly continued in the name of the Power Company. The action having terminated adversely to the Power Company, the plaintiff therein sought by the process of execution to collect the judgment recovered by her, but was unable to do so as the property of the Power Company had been transferred to plaintiff under the merger agreement. The judgment creditor was not remediless; her rights had been protected as against such transfer by the statute which authorized the merger. As against her, plaintiff did not acquire an absolute title to the property, estate and franchises of the Power Company. She was a person in whose favor a liability existed against the Power Company at the time of the merger, and as to her, the property, etc., of the Power Company in the custody of plaintiff or any avails of the same if disposed of, constituted a trust fund and as such was held by plaintiff as trustee for her benefit as well as others similarly situated and for the protection and benefit of creditors of the Power Company. To enforce her rights the judgment creditor, Mrs. Hughes, by a subsequent action against this plaintiff, of which defendant had notice and refused to defend, recovered judgment against plaintiff for the amount of the judgment she had theretofore recovered against the Power Company, which judgment was impressed upon and chargeable against the property or the avails of same which this plaintiff acquired from the Power Company under the merger. Execution having been issued thereon, plaintiff involuntarily paid the amount thereof. Such payment having been made from the trust fund depleted

the value and amount of the property turned over by the Power Company to plaintiff at the time of the merger. Upon payment of the judgment this plaintiff became subrogated to all rights and remedies of the Power Company against defendant under the terms of the policy and entitled to recover from defendant such amount as the Power Company might recover from defendant had it paid the judgment in the first instance. " The remedy of subrogation is no longer limited to sureties and *quasi* sureties, but includes so wide a range of subjects that it has been called the ' mode which equity adopts to compel the ultimate payment of a debt by one who in justice, equity and good conscience ought to pay it.' " (*Arnold* v. *Green*, 116 N. Y. 566, 571; *Lilianthal* v. *Lesser*, 102 App. Div. 500; affirmed, 185 N. Y. 557.) The merger agreement does not deprive plaintiff of a right to recover in its name from defendant. (*People* v. *Backus*, 117 N. Y. 196; *City National Bank of Poughkeepsie* v. *Phelps*, 97 N. Y. 44.)

The defendant asserts that in any event the plaintiff is barred by limitation of time from maintaining this action, as the same was not commenced within thirty days after final judgment had been rendered and satisfied by the Power Company. The judgment against plaintiff was paid June 23, 1910. This action was commenced October 13, 1910. Plaintiff submits that the defendant by its conduct has waived the limitation provision of the policy or is estopped from claiming the benefit thereof. Considerable evidence bearing upon this question was presented upon the trial. The plaintiff sought to prove that defendant had actual knowledge of the merger agreement, etc. Numerous exhibits, including correspondence, were received in evidence on the question of waiver. Reference has already been made to some facts relating to the acts of the parties and in connection therewith we shall briefly refer to some portions of the

correspondence. Immediately follow ng the entry of judgment in the action of Hughes' administratrix against plaintiff and satisfaction of the same by plaintiff, the latter addressed a letter, dated July 16, 1910, to defendant inclosing a transcript of the judgment showing same to have been duly satisfied and asking defendant to make payment under the policy. The defendant, through Mr. Maydwell, manager of claim divis on, under date of July 18, 1910, replied to the letter that defendant had nothing to do with the matter. July 20, Mr. O'Neil, counsel for the plaintiff, addressed a letter to defendant acknowledging receipt of Mr. Maydwell's letter of the 18th. and inquired: " Am I to understand that your company refuses to make payment to the Syracuse Lighting Company under the policy of liability insurance held by the Electric Light and Power Company, and under which policy you defended the above case (referring to the first Hughes case)? An early reply will be appreciated." July 21st defendant by Mr. Maydwell replied: " We must answer your letter of 20th inst. in the affirmative. If you can advance any good reason why we should do otherwise we shall be very glad to hear from you." That letter in the ordinary course of mail would reach Syracuse on the 22d or 23d of July, the latter day being the thirtieth day. In a somewhat lengthy letter under date of July 26th, Mr. O'Neil stated why he thought defendant should make payment, referring, among other reasons, to the effect of the merger agreements, which was replied to by defendant, at length, through Mr. Maydwell under date of July 28th, wherein, referring to the policy contract, he stated that defendant did not agree to indemnify any one save the Power Company, etc., and ended thus: " If you can and care to enlighten us further we shall be glad." Under date of August 3rd, 1910, Mr. O'Neil sought to advance further reasons why defendant should pay, and defendant on August 11th replied, calling attention to a court decision and asked

Mr. O'Neil if he did not consider same controlling. Mr. O'Neil replied on August 17th that he did not and further that he considered the correspondence a refusal to pay the amount of the policy. The question of waiver was by motions of both parties at the close of the trial submitted to the trial justice as a question of fact. The direction of a verdict in favor of the plaintiff implies that the trial justice found that fact in favor of plaintiff. I have reached the conclusion that it cannot be held as matter of law that there was no waiver or estoppel upon the part of defendant.

Down to the date when defendant answered in this action the attitude of defendant, briefly summarized, was, a denial that, as matter of law, it had issued a policy of indemnity in which plaintiff had any interest or upon which or by reason of any relation between it and the Power Company, or the judgment recovered against plaintiff, it could base a claim or recover against defendant, and while fixed in its views, it was willing to listen to any suggestions or reasons plaintiff might be able to advance tending to disclose that the opinion entertained by it was erroneous or why it should pay the indemnity to plaintiff, and invited plaintiff to present its views on that subject. Such was the position of defendant as late as August 11th, 1910, nineteen days subsequent to the expiration of the thirty days' limitation, evidently founded upon its construction of paragraphs seven and eight of the conditions annexed to the policy as exempting it from liability to plaintiff by reason of non-contractual relations between the parties, and such was its contention until it answered in this action by setting up as defense the thirty days' limitation, thereby seeking to assume an entirely different and additional position from that assumed by it during the negotiations between the parties carried on by its invitation. To determine that defendant had not waived the provision of the policy as to the limitation of time and

was not estopped from asserting the same as a defense would impute to it a fraudulent intent to lull the plaintiff into inactivity, induce it to continue negotiations until after the expiration of the thirty days and thereby secure the opportunity to later interpose a defense which it considered impregnable. The conduct of defendant was such as to permit the trial justice to find that defendant with full knowledge of all the facts and of its rights under the policy contract prepared by it, particularly the provision therein limiting the time within which an action against it should be commenced, did not intend to refuse to pay plaintiff the indemnity provided for in the policy or to urge any defense to an action to recover the same, save only the one stated by it, the non-existence of any contractual relation with plaintiff or a right in plaintiff to make a claim against it by reason of such policy, and to abandon its right to urge the particular defense of limitation of time, now sought to be enforced. The finding that such waiver was made estops defendant from now asserting the defense of limitation of time. (*Kiernan* v. *Dutchess Co. Mut. Ins. Co.*, 150 N. Y. 190–195; *Lynchburg C. M. Co.* v. *Travellers Ins. Co.*, 149 Fed. Rep. 954.)

Counsel for defendant also urged that under paragraph ten of the conditions annexed to the policy no waiver or estoppel could arise. The first part of that paragraph relates to the lack of power of an agent to waive any part of the contract; the second part reads: " No change whatever in this policy nor waiver of any of its provisions shall be valid unless an endorsement is added hereto, signed by the President or Secretary of the Company at its Home Office, expressing such waiver or change." The waiver or estoppel found in this case is not based upon any transaction with an agent of defendant but rather with dealings directly between plaintiff and defendant. The first letter of plaintiff under date of July 16th, 1910, was addressed to the company at its

home office in Baltimore, Md.  The reply to the same was upon the letter paper of the defendant inscribed " Maryland Casualty Company " and signed " C. W. Maydwell, Manager Claim Division," as was likewise every letter written by defendant to plaintiff relating to the question in difference.  We may presume that the letter addressed to defendant was by proper authority delivered to the manager of the claim division for consideration and action; that such manager was empowered by virtue of his position or office and within the apparent scope of his authority to directly act upon the claim made by plaintiff and to allow or reject the same.  If such power was delegated to him he was not inhibited by the language of the condition quoted from waiving such condition even though a specific mode of waiver was provided.  If, on the other hand, his position was one of recommendation only, and the question was a payment of $5,000 and interest or a litigation over the same, the presumption continues that his acts relating thereto were communicated to and approved by the officers of the defendant.  The entire transaction between the parties was conducted at the home office of defendant.  The plaintiff was justified in a belief that defendant would deal fairly and honestly with it, and we may presume from the facts in this case that defendant's intention was to so treat with plaintiff rather than to commit an injustice or fraud, and to waive the provision of the policy as to limitation of time, which it was at liberty to do.  (*Van Allen* v. *Farmers J. S. Ins. Co.*, 10 Hun, 397; affirmed on opinion below, 72 N. Y. 604; *Stewart* v. *Union Mut. Life Ins. Co.*, 155 N. Y. 257; *Steen* v. *Niagara F. Ins. Co.*, 89 N. Y. 315.)

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND and McLAUGHLIN, JJ., concur; ANDREWS, J., not sitting.

Judgment affirmed.