EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, v. ASTORIA MAHOGANY CO., Inc.

(Circuit Court of Appeals, Second Circuit. May 7, 1924.)

No. 350.

1. Corporations ⊕⇒590(3)—Merger under New York statute does not affect rights of creditors of merged corporation.

A corporation, merged with another under Stock Corporation Law N. Y. § 15, which provides that the merger shall be without prejudice to any liabilities of the merged corporation or the rights of its creditors, continues to exist as to such creditors as though no merger had taken place.

2. Corporations ⊕⇒559(5)—Appointment of receivers for consolidated corporation held not to affect rights of creditor of constituent corporation.

Appointment of receivers for a corporation with which another had been merged, who took possession of real estate owned by and standing in the name of the merged corporation, does not affect the right of a judgment creditor of the latter to levy on the property.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in equity by the Employers' Liability Assurance Corporation, Limited, against the Astoria Mahogany Company, Inc. John J. Fitzgerald and William J. Mahon appeal from an order denying their petition for leave to levy on property in possession of receivers. Reversed, with directions.

Appeal from a final decree dismissing the petition of appellants and denying a motion based thereon for leave to issue an execution against levy upon certain real property of the Huddleston-March Mahogany Company (hereinafter called Huddleston Company). Appellants are survivors of the copartnership of Fitzgerald, Stapleton & Mahon, which obtained a judgment for $5,793.97 for services against Huddleston Company in the New York Supreme Court, Kings County, and duly docketed judgment in the office of the clerk of Queens county, in which county there were situated certain parcels of real property then standing upon the records in the name of the company. This real estate was acquired in the years 1917 and 1918 by deeds, duly recorded.

Huddleston Company is a New York corporation. On August 11, 1919, pursuant to section 15 of chapter 59 of the Consolidated Laws of New York, the Stock Corporation Law as it then existed, Huddleston Company was merged with another corporation organized under the laws of New York, called Astoria Veneer Mills & Dock Company. On the same day, or soon thereafter, Astoria Veneer Mills & Dock Company was, pursuant to section 15, supra, in turn merged with the Astoria Mahogany Company, Inc. Section 15, supra, as it then existed, is set forth in the margin.[1]

Under the provisions of section 510 of the New York Civil Practice Act, the docketing of the appellants' judgment in Queens county bound for 10 years and was a charge upon the real property in that county of its judgment debtor, Huddleston Company. On January 14, 1922, the District Court for the Eastern District of New York, in the suit in equity above entitled, entered its decree appointing receivers for the Astoria Mahogany Company, which had a large plant at Astoria, Queens county, N. Y., and, inter alia, by such decree enjoined all persons "from levying execution upon, attaching, intermeddling with, or taking possession of any of the property of the defendant." Appellants claim as creditors of Huddleston Company. The receivers so appointed are operating some of the business of the Astoria Mahogany Company upon the real property standing in the name of Huddleston Company. Upon a petition setting forth, among other things, the facts hereinbefore stated, which are not controverted, appellants applied to the court upon due notice to the receivers "for an order permitting the petitioners to issue an execution upon their judgment against the Huddleston-Marsh Mahogany Company to the sheriff of Queens county, and directing the sheriff to levy said execution upon the real property standing in the name of Huddleston-Marsh Mahogany Company in said county, mentioned and described in the petition."

---

[1] "15. *Merger.* Any domestic stock corporation and any foreign stock corporation authorized to do business in this state lawfully owning all the stock of any other stock corporation organized for, or engaged in business similar or incidental to that of the possessor corporation may file in the office of the secretary of state, under its common seal, a certificate of such ownership, and of the resolution of its board of directors to merge such other corporation, and thereupon it shall acquire and become, and be possessed of all the estate, property, rights, privileges and franchises of such other corporation, and they shall vest in and be held and enjoyed by it as fully and entirely and without change or diminution as the same were before held and enjoyed by such other corporation, and be managed and controlled by the board of directors of such possessor corporation, and in its name, but without prejudice to any liabilities of such other corporation or the rights of any creditors thereof. Any bridge corporation may be merged under this section with any railroad corporation which shall have acquired the right by contract to run its cars over the bridge of such bridge corporation."

The court refused such leave and dismissed the petition. No receiver of the Huddleston-Marsh Mahogany Company has been appointed by any court.

Avery F. Cushman, of New York City (John J. Fitzgerald, of New York City, of counsel), for appellants.

Shearman & Sterling, of New York City (James A. Stevenson, Jr., of New York City, of counsel), for appellees.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). [1] So far as affects the appellants, Huddleston Company is an existing corporation, just as if no merger had taken place. This proposition we think is disposed of by two decisions of the New York Court of Appeals. Irvine v. New York Edison Co., 207 N. Y. 425, 101 N. E. 358, Ann. Cas. 1914C, 441; Syracuse Lighting Co. v. Maryland Casualty Co., 226 N. Y. 25, 122 N. E. 723. Since these decisions of the New York Court of Appeals, the New York Legislature has amended the whole of chapter 59 of the Consolidated Laws; but, legislating as it did with knowledge of these decisions, it has not in any way changed them, except further to protect creditors by making the possessor corporation liable for the debts of the merged corporation. Laws N. Y. 1923, c. 787. Smith v. Pacific Improvement Co., 104 Misc. 481, 172 N. Y. Supp. 65; People ex rel. Huff v. Warden, etc., 118 Misc. 681, 684, 194 N. Y. Supp. 862. We see nothing in Matter of Bergdorf, 206 N. Y. 309, 99 N. E. 714, which calls for a different construction of the statute as affecting the facts in the case at bar than that indicated by the two cases first cited supra.

[2] The argument is urged that, because the receivers have taken possession of the real property which belonged to Huddleston Company and is now a part of the plant of Astoria Mahogany Company, which the receivers are operating, therefore there is no right to permit petitioners to have execution issued upon their judgment against this property. This argument overlooks the proposition, first, that no receivers have been appointed for Huddleston Company and presumably none could be appointed; and, secondly, that the property of Huddleston Company is still separate and apart for all the purposes of section 15, supra, in favor of creditors of Huddleston Company. In short, the situation is precisely the same as if the property of Huddleston Company were in the possession of a going concern. In such circumstances, first come, first served, and the vigilant creditor gains with propriety an advantage over him who follows because less vigilant. There is no question here of marshaling the assets of Huddleston Company as between its creditors.

Neither the District Court nor its receivers has possession of the property of Huddleston Company against those who were creditors prior to the merger. In view of the foregoing, the court erred in refusing permission to the petitioners to issue execution as prayed for.

The decree is reversed, and the District Court is instructed to enter its decree granting the application of appellants, with costs on this appeal.