JAMES MEANEY et al., Appellants, *v.* LOEW'S HOTELS, INC., et al., Respondents, et al., Defendant.

First Department, October 11, 1966.

*Harry S. Thau* for appellants.

*Herbert Kramer* of counsel (*Michael B. Grossman* with him on the brief; *Bernard Helfenstein,* attorney), for respondents.

McNALLY, J. In this action to recover damages for defamation and invasion of privacy, plaintiffs seek the examination of defendant John Pringle and defendant Loew's Hotels, Inc. (hereinafter Loew's) by various employees, including Pringle.

The action is grounded on events which occurred during March and April, 1965.

Defendants were served with process during August, 1965. On November 5, 1965 defendants were served with notice of examination before trial of defendant Pringle and various employees of defendant Loew's. On November 19, 1965 defendants produced Pringle for examination as a named defendant and an agent and employee of Loew's having knowledge of the facts. Defendants' counsel then stated in substance that Pringle was being produced in response to plaintiffs' demand for the examination of other named agents and employees of defendant Loew's, thereby presumably exercising Loew's right to produce in its behalf in the first instance one with knowledge of the relevant facts in lieu of the several employees designated in plaintiffs' notice of examination. (See *Schacht Steel Constr.* v. *Brecher,* 2 A D 2d 967.)

In light of defendants' denial thereof, one of the vital subjects of examination was the ownership and operation of the Americana Hotel. Pringle was examined thereon and affirmed lack of knowledge. Defendants' counsel thereupon agreed to furnish the name of the owner and incorporate it in the deposition of Pringle after transcription and before its execution. It was not until February, 1966 and after plaintiffs' motion to strike the answer was granted, unless the deposition of Pringle was executed, that his deposition was returned with Pringle's response as to ownership reiterating lack of knowledge thereof. Defendants' counsel has to date failed to comply with his agreement to supply the name of the owner.

On February 1, 1966 an order was made directing defendants to produce on February 21, 1966 for examination before trial the employees named in the notice of examination and the records therein described. On February 18, 1966 defendants served by mail notice of reargument of the plaintiffs' motion to compel the production of Loew's employees and records. Defendants defaulted on February 21, 1966. On May 5, 1966 defendants' motion to reargue was granted on the ground then first advanced that the individuals named in the notice of deposition are not employees of Loew's. Plaintiffs' motion to strike the answer of the defendants for failure to comply with the order for examination dated February 1, 1966 was denied by order also dated May 5, 1966.

The transcript of the examination of defendant Pringle establishes he was produced by defendants as a defendant and as an officer and employee of defendant Loew's; that the sole stated ground for not producing the other employees of Loew's,

other than Thomas Troy, then deceased, was that Pringle allegedly had knowledge of the matters inquired of. Implicit therein is the then status of employees, vis-a-vis, the persons named in the notice of examination and defendant Loew's. (See *Baron* v. *Giambino,* 19 A D 2d 896.)

The affidavit of Robert Metzdorf, employee of Loew's, sworn to February 15, 1966, in support of defendants' motion to reargue the motion to strike, affirms said persons '' are not presently in the employ of Loew's Hotels, Inc.'' Assuming the said allegations, the relevance is doubtful since the said persons were required to attend for examination on November 19, 1965 at which time on this record they were in the employ of Loew's. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.28.) Moreover, it was within the competence of said defendant to and on this record it would appear it did waive the objection based on the absence of the employer-employee relation. (*Syracuse Light. Co.* v. *Maryland Cas. Co.,* 226 N. Y. 25, 36.)

In any event, we hold defendant Loew's is estopped by reason of its conduct from submitting proof in support of its denials of ownership and operation of the Americana Hotel. It had adequate opportunity to come forward with its proof and willfully failed to do so to the detriment of plaintiffs who because of the applicable Statute of Limitations may be unable to proceed against the true owner if the said defendant is now permitted to make such proof. (CPLR 3126; *Triple Cities Constr. Co.* v. *Maryland Cas. Co.,* 4 N Y 2d 443, 448; *Feingold* v. *Walworth Bros.,* 238 N. Y. 446, 454.)

In *Triple Cities Constr. Co.* v. *Maryland Cas. Co.* (*supra*) the court reiterated the following holding of *Metropolitan Life Ins. Co.* v. *Childs Co.* (230 N. Y. 285, 292) : '' An estoppel rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury.'' (See, also, *Lynn* v. *Lynn,* 302 N. Y. 193, 205.) Indeed, '' a party may not, even innocently, mislead an opponent and then claim the benefit of his deception ''. (*Romano* v. *Metropolitan Life Ins. Co.,* 271 N. Y. 288, 293; see, also, *Syracuse Light. Co.* v. *Maryland Cas. Co., supra.*)

Furthermore, we have held that pretrial discovery procedures should not be obstructed by belated court applications. A party ignoring a notice for examination and failing to timely apply for a protective order may not prejudice the party seeking the examination. (See *Coffey* v. *Orbachs, Inc.,* 22 A D 2d 317, 319.)

The order vacating the order directing the examination should be reversed, on the law, on the facts and in the exercise of discretion, the order directing the examination reinstated and the

defendants' motion for reconsideration or rehearing denied, the order denying the motion to strike the answer should be modified, on the law, on the facts and in the exercise of discretion, to the extent of holding that defendant Loew's is estopped from submitting proof in support of its denials of ownership and operation of the Americana Hotel and holding that the allegations of the complaint of ownership and operation of the said hotel by defendant Loew's stand admitted, and, as so modified, otherwise affirmed, with costs and disbursements to plaintiffs-appellants.

BOTEIN, P. J., BREITEL, STEUER and CAPOZZOLI, JJ., concur.

Order, entered May 5, 1966, vacating the order directing the examination unanimously reversed, on the law, on the facts and in the exercise of discretion, the order directing the examination reinstated and the defendants' motion for reconsideration or rehearing denied; the order entered May 5, 1966, denying the motion to strike the answer unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of holding that defendant Loew's is estopped from submitting proof in support of its denials of ownership and operation of the Americana Hotel and holding that the allegations of the complaint of ownership and operation of the said hotel by defendant Loew's stand admitted, and, as so modified, otherwise affirmed, with $30 costs and disbursements to plaintiffs-appellants. Settle order on notice. [26 A D 2d 806.]