William A. Kerber, Appellee, v. Katherine E. Girling et al., on appeal of Eagle Star and British Dominions Insurance Company, Ltd., of London, England et al., Appellants.

Gen. No. 7,964.

Opinion filed June 29, 1929.

SILBER, ISAACS, SILBER & WOLEY, for appellants; SAMUEL LEVIN and HERBERT W. HIRSH, of counsel.

HEALY & BEVERLY, for appellee; GLENN R. BEVERLY, of counsel.

MR. JUSTICE JETT delivered the opinion of the court.

This is an appeal by Eagle Star and British Dominions Insurance Company, Ltd., of London, England, and North River Insurance Company, of the City of New York, a corporation, appellants, from a decree of the circuit court of Kane county, in the suit of William A. Kerber, appellee, against Katherine E. Girling et al., to foreclose a trust deed.

The record discloses that on September 1, 1922, William L. Ruleman and Hattie G. Ruleman, his wife, for an indebtedness to William A. Kerber, of $2,500, executed their three promissory notes for said amount, all due five years after date with interest at the rate of 7 per cent per annum, payable semiannually. To secure the payment of said indebtedness, the said William L. Ruleman and Hattie G. Ruleman executed a trust deed to G. R. Beverly, as trustee. The real estate which is the subject matter of this trust deed consists of certain real estate in the Village of South Elgin, and was improved by a dwelling house and certain outbuildings.

The record further discloses that William L. Ruleman and Hattie G. Ruleman conveyed the lands and premises described in the trust deed to Leonard F. Hammel, who afterwards conveyed the property to Katherine E. Girling; the deed conveying the premises to said Katherine E. Girling contained a covenant by which she assumed and agreed to pay the said indebtedness.

Katherine E. Girling, after she became the owner of the premises in question, caused the buildings thereon to be insured by the appellants, insurance companies.

Each policy contained the provision that loss, if any, was payable to G. R. Beverly, trustee, as his interest may appear. The policy also contained among other things the following provision: "This policy, as to the interest therein of the said payee as mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor, or owner of the within described property nor by the commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor by any change in the interest, title or possession of the property, nor by any increase of hazard."

Each policy also contained a provision that whenever the company should pay the mortgagee any sum due under the policy, and should claim as to the mortgagor, or owner, that no liability therefor existed, the company should, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment should be made. Katherine E. Girling defaulted in the payment of interest due on the mortgage indebtedness and William A. Kerber instituted a suit of foreclosure against her.

The insurance companies in question were made parties defendant to the suit. They filed separate answers, in which they denied the liability because they claimed that Katherine E. Girling was not the sole owner of the mortgaged premises. The answer of each company alleged that a suit had been started by Katherine E. Girling in the federal court in Chicago against the said companies on said policies, on account of the destruction of the buildings by fire, and that said cases were at issue but undetermined.

The appellants, while denying all liability to William A. Kerber, appellee, in their answers made no such contention before the chancellor, but admitted their liability.

Appellants and appellee, Kerber, agreed upon a draft of a decree which directed the insurance com-

panies to pay to appellee the amount due him on the mortgage indebtedness, and ordered him to assign the notes and mortgage to the insurance companies, and that the said companies should be subrogated to all the rights of appellee, by reason of said notes and mortgage. Katherine E. Girling objected to the form of the decree, and urged that the suit in the federal court was undetermined and that there could be no right of subrogation inure to the insurance companies until the federal court had decided that the companies were not liable under the policies of insurance. The chancellor took this view, and entered a decree directing the insurance companies to pay the mortgagee the amount due on the mortgage within 15 days. The chancellor also ordered that Katherine E. Girling pay the amount due on said mortgage indebtedness within 30 days, and that in the event she failed to make such payment within that time, the mortgaged premises should be sold in satisfaction of the debt.

The appellants insist that the decree should have directed an assignment of the notes and mortgage to them, and that they would thereupon become subrogated to the rights of appellee. This cause was argued orally, and it was stated on the part of appellee that he had no interest in the contention of the insurance companies or of Katherine E. Girling, further than that he wanted to protect the decree to the end that appellee might have the premises sold without delay in case the mortgage indebtedness was not paid.

Appellee was of the opinion that the chancellor was right in not ordering an assignment and subrogation in favor of the insurance companies.

The contention of appellee in this respect was based on the rule announced in *Traders' Ins. Co. v. Race*, 142 Ill. 338, in which at page 345 the court, among other things, said: ''As we have seen, the interest of Race was liable to forfeiture for breach of the conditions of

the policies, and if such forfeiture was incurred, appellants had the right, on paying the mortgage debt, to be subrogated to the mortgagee's right, as against the mortgagor. In such case, the notes and mortgages would rightfully be assigned to appellants, and they be entitled to foreclose the same. The mortgage clause, however, provides, that in case of loss, under such circumstances as that appellants shall deny their liability to the mortgagor, they may pay to the mortgagee the sum due under the mortgage, and become entitled to an assignment of the mortgage debt and all securities therefor. The right to subrogation, however, cannot be said to depend upon the naked claim of appellants that there is no liability on the policies to appellee, but the facts must warrant such claim. The claim, to entitle them to an assignment and subrogation, must be made in good faith, and be based upon a state of facts which, under the contract of insurance, would entitle them to exemption from liability."

The rule announced in *Traders' Ins. Co. v. Race, supra,* is a correct one, as applied to the situation there presented. In that case the insurance companies had taken an assignment of the mortgage and had instituted a suit for foreclosure. The claim was made that the policy was void because of a violation of a provision charging unoccupancy. The suit was between the insurance companies and the assured and it was necessary in order for the companies to maintain their suit that they not only claim, but prove, that the policy had been avoided.

The case at bar was not brought by the insurance companies against Girling; they were made defendants to the foreclosure proceeding of Kerber. The insurance companies had no means nor power by which they could prevent a money decree against them, and it would be manifestly inequitable and unjust to require them to pay off the mortgage without subrogating

them to the rights of the mortgagee. It is true that their claim of nonliability to Katherine E. Girling must be made in good faith. If the insurance companies are compelled to have their claim of nonliability adjudicated in the federal court before they can be subrogated to the rights of the mortgagee, they will be rendered helpless. This situation would arise from the fact that the notes and mortgage will have been merged in the decree and cannot be assigned; such a situation would thwart justice and is not in harmony with the contract, under which the companies became liable to the mortgagee. It would make them subject to all the liabilities of the contract, but deprive them of all of the advantages of it. To require the insurance companies to litigate the question of the liability with the assured before they can make payment to the mortgagee and be subrogated to his rights, would deprive and prevent the right of subrogation.

The question of the liability of the companies to the assured cannot definitely be determined until the conclusion of the trial in the federal court. At that time the mortgage would be merged in the decree of the circuit court and could not be assigned, and therefore no subrogation could be had. The reasonable interpretation to be given to the subrogation clause found in the policies of insurance is that whenever the insurance companies, in good faith, deny liability to the assured and have reasonable grounds for such claim of nonliability, then and in that case they may take an assignment of the mortgage and be subrogated to the rights of the mortgagee.

We are of the opinion that the decree should be reversed and the cause remanded with directions to modify the decree so that the insurance companies will be directed to pay the amount due under their respective policies within a given time; that upon the making of such payment, the notes and mortgages shall be as-

signed, by appellee, to them according to their respective interests and that the companies be subrogated to the rights of the mortgagee, as to said notes and mortgage; that Katherine E. Girling be also directed to pay the mortgage indebtedness within a given time, and in case of default being made in the payment of such indebtedness by the insurance companies or Girling, then the mortgaged premises shall be sold to satisfy the same.

*Reversed and remanded with directions.*