MADELINE JENSEN, as Administratrix of the Estate of JACOB JENSEN, Deceased, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

(Argued June 12, 1929; decided July 11, 1929.)

*Martin T. Nachtmann* for appellant. The death of the insured within the two-year contestable period suspends the running of that time until the appointment of an executor or administrator, in a case where the policy is payable to his estate. (*Killian* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 44; *Ramsey* v. *Old Colony Life Ins. Co.*, 297 Ill. 592; *Northwestern Life Ins. Co.* v. *Pickering*, 293 Fed. Rep. 496; *Simon* v. *Etgen*, 213 N. Y. 595; *Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Chun Ngit Ngan* v. *Prudential Ins. Co.*, 9 Fed. Rep. [2d] 432; *Crapo* v. *City of Syracuse*, 183 N. Y. 395; *Oswego & R. R. Co.* v. *State*, 226 N. Y. 351; *Cohen* v. *N. Y. Mutual Life Ins. Co.*, 50 N. Y. 610.)

*John J. Finn* for respondent. The affirmative defenses of unsound health and prior medical attendance and treatment are interposed too late in view of the provisions of the " incontestability " clause of the policy in suit. (*Killian* v. *Met. Life Ins. Co.*, 251 N. Y. 44.)

Hubbs, J. The defendant issued its industrial policy, dated April 28th, 1919, upon the life of Jacob Jensen. The insured died September 8th, 1920. The plaintiff was appointed administratrix on October 25th, 1927, and this action was commenced on November 7th, 1927. The policy was payable upon the death of the insured to his executor or administrator. It contains an incontestability provision as follows: " Incontestability. Subject to the restrictions as to Military or Naval Service as contained herein, if any, this policy shall be incontestable after two years, from the date of its issue, except for nonpayment of premiums, fraud or misstatement of age." The answer herein sets up affirmative defenses, alleging that the policy is void because of breach of conditions by the insured. It alleges that the insured was not in sound health at the time the policy was issued and that before its date he had been attended by physicians for a pul-

monary disease or chronic bronchitis or disease of the heart. The plaintiff's motion for judgment on the pleadings was granted upon the ground that the policy became incontestable at the expiration of two years from the date when it was issued.

The insured died sixteen months and ten days after the policy was issued. No administrator of his estate was appointed until October 25th, 1927, over seven years after his death. At the time of the insured's death there remained seven months and twenty days of the period of two years within which the company could contest the validity of the policy. After the death of the insured there was no one in existence against whom the company could commence an action to cancel the policy and that situation continued until the appointment of the plaintiff as administratrix.

Under a policy like the one in question, if the company desires to contest its validity the contest must be started within two years from the issuing of the policy even though the insured has died within that period. (*Piasecki v. Metropolitan Life Ins. Co.*, 214 App. Div. 852; affd., 243 N. Y. 637; *Mutual Life Ins. Co. v. Hurni Packing Co.*, 263 U. S. 167.) In each of those cases there was someone in existence, after the death of the insured and before the period within which the company could contest the validity of the policy had expired, against whom the company could commence an action for that purpose.

This court recently decided, in the case of *Killian* v. *Metropolitan Life Ins. Co.* (251 N. Y. 44), that a contest, within the meaning of the provision in question, is a contest in a court and not a mere notice of rejection. In that case Chief Judge CARDOZO wrote: "A contest, then, begins when the insurer avoids, or seeks to avoid, the obligation of the contract by action or defense. If the insured or the beneficiary is plaintiff, suing to declare the policy in force or to recover money due, the contest takes its start when the insurer serves an answer disclaiming

liability. If insured and beneficiary hold back, preferring to wait till the time for contest has expired, the point of beginning is the time when the insurer sues in equity to declare the policy annulled (*Cohen* v. *N. Y. Mut. Life Ins. Co.*, 50 N. Y. 610, 625). There are said to be practical difficulties in applying such a formula. The policy may be payable to the estate of the insured, and the personal representatives may not be named till the expiration of the time permissible for contest. These and like complications will be unraveled when they develop. There is support for the conclusion that by fair implication the non-existence of parties amenable to suit will extend the limit of time within which suit may be begun (*Northwestern Mut. Life Ins. Co.* v. *Pickering, supra;* cert. denied, 263 U. S. 720; cf. *Crapo* v. *City of Syracuse*, 183 N. Y. 395; *Oswego, etc., R. R. Co.* v. *State*, 226 N. Y. 351, 360)." Of the questions there left open to " be unraveled when they develop," one must now be answered. That opinion points the way to the answer. If the only way the company can contest the validity of the policy is by an action in court, there must be in existence someone against whom it can commence an action.

If the decision in this case were to be affirmed it would result in making it the law of this State that a company may be deprived of the right to contest a policy in all cases where the death of the insured occurs before the expiration of the period within which the company may contest the validity of a policy payable to the estate of the insured. To accomplish that result the persons interested in the estate would have only to refrain from taking out letters until two years had expired from the issuing of the policy. The company would be powerless to protect itself, as it could not institute an action to contest the validity of the policy during that period. The result would be unjust and inequitable. It would place the company at the mercy of persons interested in the estate

and deprive it of a valuable right. Every principle of fair dealing forbids such a result.

The right of the company to contest should be suspended during the period that it is prevented from contesting the policy by reason of the failure to secure the appointment of a personal representative. After such appointment the company may contest the policy either by affirmative action or by defending an action brought thereon by the personal representative. Such contest must be commenced, however, within two years, counting the time from the issuing of the policy to the death of the insured, and from the granting of letters to the commencement of the contest.

The judgment of the Appellate Division and that of the Special Term should be reversed and the motion denied, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.