CARMELA ROMANO, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

(Argued April 20, 1936; decided May 26, 1936.)

*Frederick C. Tanner, Charles G. Dougherty* and *Leonard M. Gardner,* for appellant.

*Andrew F. Van Thun, Jr.,* and *Gustave Schwartz* for respondent.

LEHMAN, J. The plaintiff is the beneficiary named in a policy issued by the defendant insuring the life of her husband. The policy was dated January 25, 1933. The assured died on May 22, 1934. The proofs of death contained statements of facts inconsistent with representations made by the assured in his application for insurance. The insurance company denied liability under the policy. The plaintiff then brought this action to recover the amount of the policy. The defendant alleged in its answer that the policy was procured by fraud. Upon appeal to the Appellate Division, an order denying the plaintiff's motion for summary judgment was reversed, the answer was stricken out and summary judgment granted in favor of the plaintiff.

The policy contained the usual clause that " This policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for non-payment of premiums. * * * " The action was begun on August 15, 1934, by the service of a summons upon which appeared the indorsement, "Action to recover on policy 8132673-A." At that time more than five months remained during which the defendant, either by action or defense, might contest the validity of the policy on the ground of fraud. It could not serve an answer at that time because no complaint had yet been served. It could not bring an action in equity to rescind the policy, while the action at law upon the policy was pending, if it " had opportunity in that action at law, and before the policy by its terms became incontestable, to contest its liability." (*Enelow* v. *New York Life Ins. Co.*, 293 U. S. 379, 384.)

The defendant appeared in the pending action on September 4, 1934, and served " a written demand of a copy of the complaint." In accordance with the provisions of section 257 of the Civil Practice Act, the plaintiff was then bound to serve the complaint within twenty days thereafter, unless the time was previously extended. The defendant's attorney granted successive requests of the plaintiff's attorney for the extension of time to serve

the complaint. It was not served until February 1, 1935, one week after the policy, according to its terms, became incontestable. For that reason the defense of invalidity, in the answer filed thereafter, has been stricken out.

In *Killian* v. *Metropolitan Life Ins. Co.* (251 N. Y. 44, 48) this court said that "repudiation of a policy is notice that a contest will ensue if insured or beneficiary shall make attempt thereafter to enforce a claim of right. It is not a contest itself. * * * The clause, in effect, if not in form, is a statute of limitations, established by convention, and like the statute is directed to remedies in court (*Wright* v. *Mutual Benefit Life Assn.*, 118 N. Y. 237). A contest, then, begins when the insurer avoids, or seeks to avoid, the obligation of the contract by action or defense. If the insured or the beneficiary is plaintiff, suing to declare the policy in force or to recover money due, the contest takes its start when the insurer serves an answer disclaiming liability. If insured and beneficiary hold back, preferring to wait till the time for contest has expired, the point of beginning is the time when the insurer sues in equity to declare the policy annulled."

The limitation, established by agreement, may be extended by agreement. It is intended to give complete security to the assured or beneficiary after the stipulated time has elapsed. It is not intended to permit an assured or beneficiary to manœuvre an insurance company out of its right to interpose a defense within the time limited. So, it has been held that where an insurance company, by answer interposed in an action upon a policy, challenges the validity of the policy within the time limited and the plaintiff then discontinues the action, the insurer may file the same defense in a new action brought after that period has expired. (Cf. *Thomas* v. *Metropolitan Life Ins. Co.*, 135 Kan. 381; *Lee* v. *All States Life Ins. Co.*, 49 Ga. App. 718; *Powell* v. *Mutual Life Ins. Co.*, 313 Ill. 161; *Ætna Life Ins. Co.* v. *Daniel*, 328 Mo. 876.)

Though in *Killian* v. *Metropolitan Life Ins. Co.* (*supra*) this court defined the general formula, it recognized that in other cases complications might arise in applying the

formula which would support the conclusion that " by fair implication " the limit of time within which the contest might be begun was extended. We did not attempt any definition of what circumstances would support such conclusion, but we said that " complications will be unravelled when they develop." In *Jensen* v. *Metropolitan Life Ins. Co.* (251 N. Y. 336, 340), decided a few months thereafter, we dealt with one such complication. There, as in this case, the assured died before the expiration of the period within which the company might contest the validity of the policy. In that case, however, no action upon the policy was begun till after that period had elapsed. The policy was payable to the estate of the assured, and this court held that " the right of the company to contest [the validity of the policy] should be suspended during the period that it is prevented from contesting the policy by reason of the failure to secure the appointment of a personal representative." Otherwise, as we there pointed out, the persons interested in the estate to which a policy is payable might render the company powerless if they refrained from taking out letters until two years had expired from the issuing of the letters.

The analogy of the *Jensen* case to the case now under consideration is incomplete. Here the plaintiff could not, either by action or inaction, prevent the defendant from contesting the validity of the policy during the period limited by agreement. The defendant could have refused to extend the plaintiff's time and could have insisted upon the service of the complaint in accordance with the provisions of the Civil Practice Act, in time to permit the interposition of a defense directed to that end in the pending action, and if such insistence proved unavailing might have begun an action in equity. The defendant was, however, induced by the plaintiff's attorney to grant him the courtesy of an extension of time which so postponed the progress of the pending action that by

the time the complaint was served the defendant had lost the opportunity to interpose any defense in the pending action or to bring an action in equity on the ground that it had no adequate remedy at law. The distinction is certainly shadowy between a case where an insurance company may be rendered powerless by a legal manœuvre made possible by a loophole in the law, and a case where an insurance company may be rendered powerless by a manœuvre made possible by the grant of a customary courtesy in the expectation that in the practice of the law, attorneys may not by request for an extension of time to serve a complaint trap an opponent into the abandonment of a valid defense to the action. In both cases the insurance company may without fault on its part lose its rights through the manœuvres of an opponent, and in both cases the courts should discountenance such manœuvres.

We do not say that the attorney for the plaintiff intended by his request for extensions of time to lay a trap for the insurance company; we do say that when the extension of a courtesy proves a trap and results in the unintended loss of substantial rights, the courts should relieve the insurance company from the consequences. The insurance company was misled to its own harm by the request for an extension. The plaintiff has obtained an unintended and unjust benefit. A party may not, even innocently, mislead an opponent and then claim the benefit of his deception. A person may not rely upon a condition imposed for his benefit when failure to perform the condition is due to his own act.

We need not pause to determine whether all the elements of waiver or estoppel are here present, or whether, by fair implication, the requests for an extension of time to serve the complaint included an extension of time to interpose any defense which might have been interposed if the complaint had been served within the statutory time; nor need we now determine whether the insurance

company could have brought an action in equity to rescind the policy after an action at law upon the policy had been commenced. Even should it appear that the requests for an extension of time to serve the complaint were made in good faith and without intent to trap the insurance company into abandonment of its defense, the fact would still remain that the company was induced by that request to refrain from beginning its contest of the validity of the policy within the time limited by the policy, and that the plaintiff or her attorney should have known that compliance with that request would naturally, if not indeed inevitably, lead to that result. In such case the courts should give proper effect to the acts and words of the parties, and place responsibility for the non-performance of the condition of the policy upon the plaintiff who induced it.

The judgment of the Appellate Division should be reversed and the order of Special Term denying the motion of the plaintiff affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.