ALMA SAMSON, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— In an action to recover upon an ordinary life insurance policy, tried by the court without a jury, judgment of the City Court of Yonkers in favor of the plaintiff against the defendant, for the sum of $1,595.37, damages and costs, reversed on the law, without costs, and complaint dismissed on the merits, without costs. Findings of fact and conclusions of law inconsistent with this determination are reversed and new findings and conclusions will be made. The undisputed proofs demonstrated (1) that the insured made false representations of fact as to disease of the heart, attendance by a physician and hospitalization within the preceding five years, and also as to the condition of his health and otherwise, which representations were material to the risk and were relied upon by the insurer in issuing the policy, which, by reason of such false representations, was and is void (*Minsker* v. *John Hancock Mut. Life Ins. Co.*, 254 N. Y. 333, 339; *Jenkins* v. *John Hancock Mut. Life Ins. Co.*, 257 id. 289, 293; *Anderson* v. *Ætna Life Ins. Co.*, 265 id. 376); (2) that under the terms of the policy, by reason of such false representations, there were breaches of warranty by the insured avoiding the policy. The insured died nine weeks after the issuance of the policy. This action was commenced more than two years after the date of such issuance. Within such two-year period, however, the plaintiff instituted an action in the Municipal Court of the City of New York against the same defendant, which also within said period

interposed the same defenses that are interposed in this action. The Municipal Court action was not tried. At the instance of the plaintiff therein, who is the plaintiff here, it was discontinued, without costs, by stipulation between the parties through their attorneys, which stipulation provided that the answer in the Municipal Court action should be considered as a contest of the policy in any future action. Regardless of the form of said stipulation, the defendant, under the undisputed facts, is within its rights in contesting the policy in this action. (*Romano* v. *Metropolitan Life Ins. Co.*, 271 N. Y. 288.) Further, the stipulation is legally sufficient to reserve to the defendant the right to contest the policy herein. Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ., concur. Settle order on notice.