CORA M. TINDALL, Respondent, *v.* THE CONTINENTAL INSURANCE COMPANY, Appellant, Impleaded with EDWIN M. HARVIE and HATTIE WAGEMAKER, Defendants.

Fourth Department, June 30, 1937.

*Charles T. Ennis*, for the appellant.

*A. J. & F. A. Parker* [*A. J. Parker* of counsel], for the respondent.

TAYLOR, J.   The principal question presented on this appeal is whether the provision, in a fire insurance policy that no suit or action on the policy shall be sustainable in any court of law or equity unless commenced within twelve months next after the fire, is applicable to an action brought to recover a judgment directing a cancellation of a mortgage that had been assigned to the defendant insurance company upon payment, by it to the mortgagee, of the amount thereon due.

On March 20, 1933, plaintiff's house and the personal property therein were destroyed by fire. The destroyed property was covered by a policy of insurance, issued by the defendant insurance company, which provided for coverage on the house to the extent of $2,500 and $1,000 on the personal property. The total insurance was $4,700 of which $1,200 was allocated to buildings which were not damaged by the fire. Attached to the policy was a standard mortgagee clause which provided that loss or damage under the policy should be payable to Hattie Wagemaker, as first mortgagee, as interest may appear. The amount unpaid on the mortgage at the time of the fire was $1,700 principal with interest from April 15, 1932.

Commencing shortly after the fire and continuing until January 8, 1934, there were negotiations in an endeavor to adjust the loss. The defendant insurance company expressed its willingness to pay the mortgage debt in full settlement of plaintiff's claim for both real and personal property losses and finally, on said January 8, 1934, it offered an additional $300, but plaintiff demanded more. There the matter rested until the time expired within which an action, under the terms of the policy, might be commenced. Subsequently and on April 20, 1934, the defendant insurance company paid the mortgage debt and received from the mortgagee an assignment of the bond and mortgage.

In March, 1935, two years after the fire, plaintiff commenced this action against the defendant to procure a judgment directing the discharge of the mortgage against her real property and to recover the sum of $600. The answer of the defendant denied material allegations of the complaint and, as a defense, alleged that the plaintiff had not performed the contract as set forth in the policy of insurance described in the complaint and that the action was not brought within twelve months next after the fire.

Construing the allegations of the complaint in the light most favorable to the plaintiff, it may be said that plaintiff has alleged, although not separately stated, two distinct causes of action, one predicating her right to relief upon an alleged compromise agreement entered into between herself and the defendant, by the terms of which the defendant agreed to pay off and discharge the mortgage on her real property and, in addition thereto, agreed to pay to her the sum of $600 for the loss of her personal property, and the other predicating her right to a cancellation of the mortgage upon allegations that defendant had not questioned its liability to pay the fire loss on the dwelling to the mortgagee for plaintiff's benefit and, therefore, was not justified in taking an assignment of the mortgage from the mortgagee when it paid the mortgage debt.

The cause of action based upon the compromise agreement was not an action upon the policy but upon an independent agreement and the policy provision limiting the time within which an action could be brought thereon would not avail the defendant as a defense (*Smith* v. *Glens Falls Ins. Co.*, 62 N. Y. 85), while the cause of action which challenged defendant's right to subrogation must be deemed to be one brought upon the policy and the rights of the parties, in respect thereto, must be determined according to the policy provisions.

Upon presentation of the proofs offered by the parties, the court determined that no compromise agreement was entered into by the parties. Such determination is supported by the evidence. The rejection of plaintiff's claim in this respect, however, did not require a dismissal of her complaint; she was still entitled to a cancellation of the mortgage if the proofs did not establish that a valid defense existed against her claim on the policy. This right was accorded her by the subrogation clause in her policy.

In *O' Neil* v. *Franklin Fire Ins. Co.* (159 App. Div. 313; affd., 216 N. Y. 692) this court held that the right to subrogation did not depend upon the mere claim of non-liability to the mortgagor but that the facts must warrant such a claim. The claim to entitle it [the insurer] to an assignment and subrogation must be made in good faith and be based upon a state of facts which under the contract of insurance would entitle it to exemption from liability. Other jurisdictions have placed a similar construction upon identical provisions for subrogation. (*Kerber* v. *Girling*, 254 Ill. App. 1; *Hare* v. *Headley*, 54 N. J. Eq. 545; 35 A. 445; *Loewenstein* v. *Queen Insurance Co.*, 227 Mo. 100; 127 S. W. 72; *Bull* v. *North British Canadian Investment Co.*, 15 Ont. App. 421.) In none of these cases, nor in any case that I have been able to discover, has it been held that the limitation, within which an action could be brought upon the policy, was not (in the absence of waiver or estoppel) an absolute defense to a claim by the mortgagor. I am of the opinion that the twelve months' limitation provided in the policy is a valid defense to plaintiff's claim. As above pointed out, upon the rejection of plaintiff's claim that a compromise agreement was entered into, the only cause of action that remained was one on the policy and plaintiff could not recover upon the policy unless the defendant had impliedly waived the limitation or was estopped from insisting upon it as a defense. Whether defendant impliedly waived the limitation or was estopped from claiming it, was not passed upon by the court in its decision. The judgment proceeded against defendant solely upon the ground that the limitation provision of the policy was not applicable. Whether there was waiver or estoppel is a question of fact which should be determined by the trial court. While the mere pendency of negotiations between the parties or the fact that occasional interviews have been had between them in regard to the adjustment of the loss, has been held not to amount to a waiver (*Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136; *Gibson Elec. Co.* v. *Liverpool & L. & G. Ins. Co.*, 159 id. 418; *Allen* v. *Dutchess County Mut. Ins. Co.*, 95 App. Div. 86), the conduct and dealings between these parties and the mortgagee, after liability was imposed

upon the defendant by reason of the fire, present some evidence bearing upon the question of waiver and estoppel. (*Kiernan* v. *Dutchess County Mut. Ins. Co.*, 150 N. Y. 190, 194, 195; *Thompson* v. *Phenix Ins. Co.*, 136 U. S. 287.)

In *Thompson* v. *Phenix Ins. Co.* (*supra*) the court, after citing the case of *Mickey* v. *Burlington Ins. Co.* (35 Iowa, 174, 180), said: " In the case last cited it was properly said that it would be contrary to justice for the insurance company to hold out the hope of an amicable adjustment of the loss, and thus delay the action of the insured, and then be permitted to plead this very delay, caused by its course of conduct, as a defense to the action when brought."

The judgment should be reversed and a new trial ordered (*Kavanaugh* v. *Commonwealth Trust Co.*, 223 N. Y. 103), with costs to the appellant to abide the event.

All concur, except SEARS, P. J., who dissents and votes for affirmance. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and TAYLOR, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.