Bernard Ryan, P. J.
James Scott,, then 17 years old, was. a student at. State.- Teachers-College, New Paltz,. when, on May 6, 1950; he sustained, personal injuries, in a baseball game. On August 2; 1950' his mother, Geraldine Scott, was appointed , his guardian ad litem to, bring- suit, against-the State of New York. Thereafter, as such guardian ad litem, she filed a notice, of intention on August 4-,. 1950- and a claim: on April 4,. 1952; copy of which claim was served upon the Attorney-General upon the same day-:. That claim has- recently been tried and decided. Claim No. 31274.
On May 6, 1950 James Scott’s father, Harold B. Scott, was living and was supporting his wife and his son. On August 4, 1950 Harold B. Scott filed and served a notice of intention to file a claim. On April 4, 1952 Geraldine* Scott, the above-named individual claimant, filed-this* claim in which she seeks to recover for* the medical and hospital expenses' consequent upon her son’s injuries, and for the loss of his services. In her pleading, Geraldine: Scott referred to the filing of a notice of intention herein; on. August 4; 1950 and she attached a copy of the notice *181 of intention signed, verified and filed by Harold R Scott. The pleading then read as follows: “ That since the filing of said notice of intention to file a claim, the father of said infant, Harold B. Scott,.died and. your claimant is the surviving parent of the said infant.” This claim, and that of the infant claimant James Scott, appeared upon the calendars of the Albany terms of this court beginning in September, 1952 without being moved for trial until September 18, 1956. As James Scott was in the United States Army for 23 months, beginning in 1953, that fact may account, in part, for failure to move the claims for trial at an earlier date. However that may be, the incompatibility of the claim by Geraldine Scott, individually, with the notice of intention filed by Harold B. Scott apparently escaped attention of counsel on both sides of the controversy until the facts were developed in court upon the recent trial
It now appears that Harold B. Scott died April 17, 1951, intestate, and that Geraldine Scott has been appointed his administratrix but that such appointment was not made by the court having jurisdiction, the Surrogate’s Court of Ulster County, until October 8, 1956 which was subsequent to the trial of the claims. We are now confronted with an application to substitute Geraldine Scott, as administratrix of Harold B. Scott, as party claimant here in the place and stead of Geraldine Scott individually. We believe that claimant mistakes her remedy.
To begin with,, no claim was filed in his lifetime by Harold B. Scott. Hence substitution of his legal representative pursuant to section 15 of the Court of Claims Act is not in order. Next, the filing of a notice of intention by Harold B. Scott did not validate a claim by the mother for medical expenses and for loss of services. The cause of action for the recovery of such damages did not pass to her as surviving parent.. It passed to the legal representative of her husband. Although she was entitled to letters of administration upon his estate she was not his legal representative until the court of proper jurisdiction had acted. (Surrogate’s Ct. Act, art. 8.) Now it must be admitted that prior to the enactment of section 2 of chapter 795 of the Laws of 1935, which became section 119 of the Decedent Estate Law an action such as this one wholly abated upon the father’s death. (Bianco v. Sun Oil Co., 143 Misc. 764, affd. 224 App. Div. 817.) This is no longer true: (Friedlander v. Roxy Theatre, 204 Misc. 740, affd. 283 App. Div. 860.) Hence, Harold B. Scott’s claim survived his death and passed to his legal representative as a property right and available for enforcement. But until a legal representative was appointed there was no one to enforce the' claim. What the filing of the *182 notice of intention by Harold B. Scott on August 4, 1950 did accomplish was a compliance with subdivision 3 of section 10 of the Court of Claims Act so that within 90 days of the accrual of his claim the defendant State of New York had notice of it and the opportunity to investigate and' to prepare its defense. At' the- Same time the claimant protected his right to avail himself of- the two-year Statute of Limitations' before filing his claim proper. Although his cause of action accrued within the lifetime of Harold. B. Scott the running of that two-year statute was suspended from the date of his' death, April 17, 1951, to the1 date of the appointment of his legal representative, October 8, 1956. '-This- must be so under the ruling principle enunciated in Crapo v. City of Syracuse (183 N. Y. 395). (See Bergmann v. Lord, 194 N. Y. 70; Oswego & Syracuse R. R. Co. v. State of New York, 226 N. Y. 351; Jensen v. Metropolitan Life Ins. Co.. 251 N. Y. 336 ; Miller v. State of New York, 48 Misc. 184.) Therefore the statutory' requirements which will give this court jurisdiction of the decedent’s claim may now be'fulfilled-without any order of this court. After a proper claim is filed procedural arrangements for submitting the claim upon the transcript of testimony already taken can no doubt be effected by stipulation between counsel.
To decline the application to substitute the claimant administratrix for the same person as- claimant, ■ an individual, and- to suggest the course outlined may seem circuitous and the‘ reasoning very technical. But we believe- it to be the safe course for meeting jurisdictional requirements. The motion is therefore denied without prejudice. ' - 1