Bernard Ryan, P. J.
Sofia Rinaldi (also called Sophia) and her two sons, Thomas and Salvatore, were the owners as tenants in common of a muck farm in Madison County which they operated together. In July, 1951 their onion crop was destroyed by water standing on their lands. This suit against the State of New York is based upon allegations of negligence in the construction of the Thruway. We find that the allegations are not sustained by the .proofs and we dismiss the claim upon the merits as set forth in a formal decision filed herewith. (See, also, Costanzo v. State of New York, 207 Misc. 242.)
The purpose of this memorandum is to point out procedural defects which also require dismissal of the claim. The damages, *179 if recovered herein were merited, would be the costs of fitting the land, of providing seed and fertilizer and of cultivating the crop together with the rental value of the land. The proof is that such damages could have been ascertained by August 31, 1951. That date determines the accrual of the claim. (Dufel v. State of New York, 198 App. Div. 97.)
Within 90 days of the accrual of such damages, and on October 16, 1951, the three property owners filed a notice of intention to file a claim in conformity, with subdivision 3 of section 10 of the Court of Claims Act. On January 25, 1953 Sofia Rinaldi died leaving a last will and testament which named Ross A. Patañe executor. This last will and testament has not yet been probated and no letters testamentary have been issued thereupon. The will named Sofia’s sons, Thomas and Salvatore, as her sole residuary legatees and devisees. Although they were not named as executors, on October 17, 1953 they filed this claim in which they alleged that they had been appointed such executors and upon which they sued individually and as such executors.
As to the individual shares of the sons the claim must be dismissed. It was not filed within two years after its accrual. As to their mother’s share in the claim it must be dismissed as no proper claim on behalf of the estate of Sofia Rinaldi has been presented. When Sofia Rinaldi died her one-third interest in the cause of action passed to her legal representative. (Griswold v. Metropolitan El. Ry. Co., 122 N. Y. 102.) Until that representative is appointed by a court of competent jurisdiction the running of the two-year Statute of Limitations provided by subdivision 3 of section 10 of the Court of Claims Act is suspended. (Crapo v. City of Syracuse, 183 N. Y. 395; Bergmann v. Lord, 194 N. Y. 70; Oswego & Syracuse R. R. Co. v. State of New York, 226 N. Y. 351; Jensen v. Metropolitan Life Ins. Co., 251 N. Y. 336; Miller v. State of New York, 148 Misc. 184; Scott v. State of New York, 4 Misc 2d 179.)
Upon the whole record judgment of dismissal is directed.