BRUCE W. PRESTON, Plaintiff, *v.* NORTHERN INSURANCE COMPANY, INC., Defendant.

Supreme Court, Special Term, Queens County, June 18, 1962.

*Joseph F. Farlo* for plaintiff. *Rein, Mound & Cotton* for defendant.

GEORGE P. STIER, J. Plaintiff herein sues upon a policy of insurance, pursuant to the terms of which defendant insured against loss occasioned by fire and windstorm in the sum of $10,000, which covered plaintiff's residence situated on Meadow Island in the Long Island Sound. The policy was executed on April 14, 1960, for a period of three years.

On September 12, 1960, Meadow Island was buffeted by winds of hurricane velocity which were followed by high tides. Shortly

thereafter plaintiff's residence was discovered lying on the beach, dislodged from its pilings and allegedly totally destroyed.

This action was commenced by the service of a summons on January 11, 1962. Defendant now moves for judgment dismissing the complaint on the ground that the cause of action set forth therein did not accrue within the time limited by law for the commencement of an action thereon. It is defendant's contention that since this action is brought to recover under the policy of insurance for windstorm damage alleged to have occurred on the 12th day of September, 1960, the same has not been timely brought since the policy of insurance provides that: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." As already noted, this action was commenced 16 months after the loss was sustained.

In opposition, plaintiff's attorney claims that he was consulted by plaintiff in March, 1961 and asked to inquire as to the reason for the delay in settling the claim. Shortly thereafter, defendant's adjuster was contacted, who advised plaintiff's attorney (who was not then retained) that the loss exceeded the amount of the policy and that the porch, shingles and sidings had been ripped off by a direct force of the wind. However, as to the remainder of the loss, the problem was to determine whether the wind forced the bungalow off its piling or if it was forced from its piling because of the high tides. Apparently the adjuster stated that the estimate for the agreed loss would be approximately $2,800 and that a compromise figure of $4,000 would be considered rather than involve additional experts to ascertain just how the loss was occasioned. Plaintiff rejected the compromise figure and decided to engage experts to determine the cause of the loss. In the latter part of August, 1961 formal proofs of loss were forwarded to the company and on November 21, 1961, a photostatic copy of plaintiff's engineer's report was forwarded to the adjuster. Thereafter defendant's adjuster advised plaintiff's attorney by letter dated December 13, 1961, that they would not recognize plaintiff's claim, stating: "As you will recall we discussed this matter with you in March 1961 and, after hearing nothing further from you or the insured, ultimately closed our file due to apparent lack of interest. The twelve month limitation on time in which to file suit has since become applicable."

In support of its claim of waiver and estoppel, plaintiff asserts that "the defendant should not be allowed to take advantage of

a situation, which it created." He claims that had defendant made an unsatisfactory offer without a promise of more moneys based upon additional information which it asked the plaintiff to obtain, suit would have been instituted immediately. Furthermore, had defendant disclaimed following receipt of proof of loss, suit would have then been instituted and had defendant indicated in any form that it did not intend to negotiate fairly, an action would have been commenced within the requisite time. He further asks the court to take notice that Meadow Island is inaccessible except by private boat and that the insured's employment necessitated continued travel outside of the New York area.

The court, mindful of the *bona fides* of plaintiff's claim insofar as the actual loss sustained is concerned, is nevertheless constrained to grant the motion. There is nothing in the facts which would lead this court to believe that defendant in any way lulled plaintiff into inactivity or in any way misled plaintiff so as to prevent him from bringing his action within the time limited by the terms of the policy. In the instant case, plaintiff received an offer of compromise on March 24, 1961, and did nothing until November 21, 1961, when he forwarded a copy of his engineer's report to the defendant's adjuster. During this period defendant in no way continued negotiation or in any way contacted plaintiff, thereby giving the slightest assurance that the terms of the policy would not be strictly adhered to. The cases of *Triple Cities Constr. Co.* v. *Maryland Cas. Co.* (4 N Y 2d 443) and *Syracuse Light. Co.* v. *Maryland Cas. Co.* (226 N. Y. 25) are not to the contrary.

In the *Triple Cities* case, the insurer, knowing that plaintiff's time was about to expire, engaged in protracted settlement negotiations, informing plaintiff's attorney that the only controversy remaining related to a minor point which would be settled and that payment would be promptly made. It continually delayed and postponed scheduled meetings until plaintiff's time elapsed.

In the *Syracuse Light. Co.* case, there again negotiations were actively in progress when plaintiff's time expired. Defendant's resistance to payment of the claim was not known to the plaintiff until the day after the suit clause had elapsed and negotiations were continued by defendant thereafter.

As was noted by the Court of Appeals in *Triple Cities Constr. Co.* v. *Maryland Cas. Co.* (*supra,* p. 448):

"An estoppel * * * 'rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury.' (*Metropolitan Life Ins. Co.* v. *Childs Co.,* 230 N. Y. 285, 292; *Lynn* v. *Lynn,* 302 N. Y. 193, 205.) Indeed,

' A party may not, even innocently, mislead an opponent and then claim the benefit of his deception.' (*Romano* v. *Metropolitan Life Ins. Co.*, 271 N. Y. 288, 293; see, also, *Syracuse Light. Co.* v. *Maryland Cas. Co.*, 226 N. Y. 25, 36.) ''

The court is unable, under the circumstances here presented, to find any conduct on the part of the defendant that could warrant application of the doctrine of estoppel or waiver. The motion is, accordingly, granted.