Antoinette **PETERS**, Plaintiff,

v.

**ST. PAUL FIRE & MARINE INSUR-ANCE COMPANY**, Defendant.

United States District Court
S. D. New York.

Jan. 22, 1963.

Prindle & McCormack, Nyack, N. Y., for plaintiff. Gilbert E. McCormack, Nyack, N. Y., of counsel.

Tell, Cheser, Werner & Breitbart, New York City, for defendant. Solomon M. Cheser, New York City, of counsel.

TYLER, District Judge.

Defendant (the "Company") moves for summary judgment in this action in which plaintiff [1] is suing on a personal property insurance policy issued by the Company on January 2, 1961. The Com-

---

1. From contemporaneous documents annexed to the papers, it would appear that plaintiff's correct name is "Antoinette Peter" and that the caption of this case is to that extent inaccurate.

pany urges that the action must be dismissed because of a contract or policy provision to the effect that no action may be brought by a claimant on the policy more than one year after the loss occurred.

The loss alleged here, a theft of jewelry, is claimed by plaintiff to have occurred on January 5, 1961. Her action on the policy was instituted on July 11, 1962.

In an unpublished memorandum opinion, dated October 24, 1962, this court denied an earlier motion by the Company for summary judgment in this action on the grounds that the record disclosed an undeveloped issue whether the Company was, by its conduct, equitably estopped from asserting the one-year limitation provision.

The additional affidavits tendered on this motion, which in large part bear on this issue, constrain me to conclude that the Company is entitled to judgment in this dispute.

■ Where one party induces another to delay in bringing suit so that an applicable period of limitation expires, he may be estopped from asserting such expiration in defense even though the inducement to delay was done innocently or unintentionally. Romano v. Metropolitan Life Ins. Co., 271 N.Y. 288, 2 N.E.2d 661, 105 A.L.R. 989 (1936).

There are two possible bases, in the facts of this case, for the application of this estoppel rule.

The insurance policy sued upon covered personalty found within the premises located at No. 39 Glen Byron Avenue, South Nyack, New York. At the time of issuance of the policy, the plaintiff was in the process of securing a mortgage on these premises. Plaintiff never received from the Company a copy of the insurance policy itself, which was sent directly to the mortgagee, but instead received from the Company a six-page document entitled "Homeowner's Policy—Memorandum of Insurance".

The "memorandum" does not contain, nor does it disclose, the existence in the policy of a one-year period of limitation. Moreover, the memorandum contains no statement that it is incomplete; and it is of sufficient length and scope to convey the impression that in fact it does contain all provisions, at least those of substance, set forth in the policy itself. In addition, the memorandum contains internal references to itself as "this policy".

■ Under certain circumstances, therefore, this memorandum may well be sufficiently misleading to a layman-insured to raise the possibility of estopping the issuing Company from asserting the limitation period. See Conte v. Yorkshire Ins. Co. of New York, 5 Misc.2d 670, 163 N.Y.S.2d 28 (1957) (omission of mention of limitation period in policy held to estop company from enforcing it).

■ But in this case plaintiff engaged counsel to act on her behalf within four months after the alleged loss. This retainer was made known to the Company when it received a letter from plaintiff's counsel, dated May 5, 1961, requesting settlement of the matter. This relieved the Company of the equitable duty to come forward and specifically inform plaintiff of the existence of the limitation period provision. Advanced Methods, Inc. v. Grain Sealers Mutual Ins. Co., 274 F.2d 634 (7th Cir., 1960); Conte v. Yorkshire Ins. Co., supra, 5 Misc.2d p. 672, 163 N.Y.S.2d p. 30 (obiter dictum) (omission of mention of limitation period should work estoppel since otherwise an insured might "not consult counsel in time to initiate an action").

■ The second arguable basis for the application of equitable estoppel, which was the particular undeveloped issue requiring my denial of the Company's previous motion for summary judgment, grows out of the principle that one in the position of the Company may be estopped from asserting a period of limitation if it induces delay in bringing suit by " 'hold[ing] out the hope of an amicable adjustment.' " Tindall v. Continental Insurance Co., 252 App.Div. 47, 51, 297 N.Y.S 780, 784 (4th Dept. 1937).

Affidavits submitted on the present motion, as interpreted most favorably to the plaintiff, indicate the following to have been the course of dealings between the parties subsequent to the alleged loss.

After notice of loss had been received by the Company, an agent of the Pinkerton's National Detective Agency interviewed plaintiff on January 12, 1961 concerning her claim. The record discloses nothing further about this interview. The Company, by letter dated February 24, 1961, requested that claim of loss be filed by plaintiff. She filed such a claim, and, thereafter, by letter dated March 15, 1961, the Company acknowledged receipt of the claim and informed plaintiff that she was to be interviewed by a representative of the Company.

The interview, conducted on April 18, 1961, is described later in this opinion. After it was completed by letter dated April 24, 1961, the Company forwarded to plaintiff a transcript thereof, requesting that it be read, signed and returned. In response to the subsequent above-mentioned communication from plaintiff's attorney, dated May 5, 1961, the Company, by letter dated May 9, 1961, reiterated that the transcript of the examination should be signed and returned.

There was no further communication between the parties until February 5, 1962, which, of course, was more than one year after the claimed loss occurred. On that date, plaintiff's attorney mailed to the Company her completed and signed transcript of the April 18, 1961 interview or examination. Counsel's letter of transmittal also suggested "an amicable adjustment of this claim".

In reply on the following day, February 6, the Company informed plaintiff's counsel that "the one-year suit clause in the policy has long since expired and accordingly, the St. Paul Fire and Marine Insurance Co. can give no consideration to any adjustment of this claim".

All the above-mentioned letters sent by the Company, save only that dated April 24, 1961, contained language to the effect that the communication was "without prejudice to any rights or defenses" the Company had in the matter.

This particular aspect of the estoppel question now under discussion must turn largely, if not entirely, on what transpired at the interview of April 18, 1961, since the conduct of the Company, as evidenced by its correspondence with plaintiff or her attorney, cannot be said to have induced the impression that the claim would be paid without suit.

The Company's interviewing agent states by affidavit that he told plaintiff he doubted that the Company would pay her claim. Plaintiff, by answering affidavit, specifically denies this and declares instead that the agent advised her "that the limit which the defendant could pay on the claim was $1,000 or, in the event that your deponent could locate the jeweler who had previously examined the lost items, that the defendant could pay up to $3,000 for the loss."

Plaintiff's version of the interview falls short of an assertion that the agent stated, unequivocally or otherwise, that the Company would pay the claim. The thrust of plaintiff's affidavit is, instead, that she "was not advised that the defendant would not reimburse her * * * and felt her claim would be paid without suit."

From an examination of the cases applying the above-quoted general principle of Tindall v. Continental Insurance Co., supra, I conclude that the acts or omissions of the Company here are insufficient, as a matter of law, to estop it from invoking the one-year period of limitation. Allen v. Dutchess Co. Mutual Ins. Co., 95 App.Div. 86, 88 N.Y.S. 530 (2d Dept. 1904); Preston v. Northern Assurance Co., Inc., 35 Misc.2d 784, 231 N.Y.S.2d 93 (1962).

Concededly, an arguable inference from plaintiff's version of the April 18, 1961, interview is that the Company, through its agent, was put on notice that plaintiff might delay in pressing her claim in order to locate the jeweler who had valued or could value the lost jewelry. Assuming that this "notice" is an additional

equitable factor which should militate against allowing the Company to invoke the limitation period, it must again be noted, however, that plaintiff, to the knowledge of the Company, had retained counsel to act on her behalf in this matter some four months after the alleged loss, and subsequent to the April 18 interview.

Under these circumstances, and inasmuch as no other replication to the defense of the one-year period of limitations has been argued by plaintiff or appears applicable, the contractual period of limitation is binding upon plaintiff, and her action accordingly must be dismissed.

The Company's motion for summary judgment is granted.

So ordered.