TRANSPORT REALTY COMPANY,
Plaintiff-Appellant,

v.

COMMERCIAL UNION INSURANCE
COMPANY OF NEW YORK,
Defendant-Appellee.

No. 16943.

United States Court of Appeals
Seventh Circuit.

Dec. 12, 1968.

George C. Rabens, Chicago, Ill., for plaintiff-appellant.

John P. Gorman, James T. Ferrini, Clausen, Hirsh, Miller &  Gorman, Chicago, Ill., for defendant-appellee, Frank L. Schneider, Chicago, Ill., of counsel.

Before CASTLE, Chief Judge, and SWYGERT and KERNER, Circuit Judges.

CASTLE, Chief Judge.

Plaintiff brought this diversity action to recover under an insurance policy of defendant which insured against loss by fire and other perils to plaintiff's building located in Chicago, Illinois, and for loss of rent and rental value occasioned by the destruction by fire of the premises. The policy also insured the interest of the mortgagee, Continental Illinois National Bank and Trust Company of Chicago. Plaintiff brings this appeal from a summary judgment entered in favor of defendant.

The insurance policy in question contains the following pertinent provisions:

"Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring

(a)  *  *  *

(b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days. * * *"

"BUILDINGS AND CONTENTS FORM [Form 18]

*  *  *  *  *  *

"THE PROVISIONS PRINTED ON THE BACK OF THIS FORM ARE HEREBY REFERRED TO AND MADE A PART HEREOF.

*  *  *  *  *  *

"EXTENDED COVERAGE ENDORSEMENT

(Perils of Windstorm, Hail, Explosion, Riot, Riot Attending a Strike, Civil Commotion, Aircraft, Vehicles and Smoke)

(Effective Only When Premium for Extended Coverage Indicated on First Page of this Policy)

In consideration of the premium for this coverage, and subject to the provisions herein and in the policy to which this endorsement is attached including endorsements thereon, this Policy is Extended to Insure Against Direct Loss by WINDSTORM, HAIL, EXPLOSION, RIOT, RIOT ATTENDING A STRIKE, CIVIL COMMOTION, AIRCRAFT, VEHICLES AND SMOKE, except as hereinafter provided. * * *

"Other Provisions: A claim for loss by any peril insured against by this endorsement shall not be barred because of change of occupancy nor because of vacancy or unoccupancy. * * *

"Provisions Applicable Only when this Endorsement is attached to a Policy Covering Rents or Consequential Loss: The term 'direct,' as applied to loss, means loss, as limited and conditioned in such policy, resulting from direct loss to described property from the peril(s) insured against; and, while the business of the owner or tenant(s) of the described building(s) is interrupted by a strike at the described location, this Company shall not be liable for any loss due to interference by any person(s) with rebuilding, repairing or replacing the property damaged or destroyed or with the resumption or continuation of business."

The above "Extended Coverage Endorsement" appears twice in the policy, both separately and as part of the "Building And Contents Form."

In addition, the policy contains a "Standard Mortgage Clause," which insures the mortgagee's interest, and a

form entitled "Rent or Rental Value Form For Other than Dwelling Risks," containing the following sentence: "If the described building, or any part thereof, whether rented at the time or not, shall be rendered untenantable by the peril(s) insured against, this Company shall be liable to the Insured for not exceeding the actual loss sustained based upon loss of rents of such untenantable parts. * * * "

Plaintiff stipulated that at the time of the fire the premises had been "vacant and unoccupied" for more than sixty days, but sought recovery based upon the following allegations:

(1) The clause in the "Extended Coverage Endorsement" abrogating the vacancy and unoccupancy defense for that endorsement applied to plaintiff's loss;

(2) The policy is ambiguous and, when interpreted in the light most favorable to the insured, provided for coverage;

(3) The unoccupancy defense is at least barred relative to plaintiff's loss of rental value;

(4) Plaintiff is subrogated to the rights of the mortgagee, against whom the unoccupancy defense is unavailable.

Defendant moved for and was granted summary judgment on the ground that the unoccupancy of the premises for more than sixty days barred any recovery by plaintiff.

Plaintiff's main contention is that the clause in the Extended Coverage Endorsement which abrogates the unoccupancy defense relates to the entire policy and not, as defendant claims, merely to that endorsement. Plaintiff supports this contention by citing the fact that the endorsement is included in Form 18, which establishes the extent of coverage. Plaintiff argues, moreover, that there are ambiguities in the defendant's policy which should be resolved in favor of the insured.

■ We find, however, that the logical construction of the policy compels the conclusion that the provision in the Extended Coverage Endorsement which abrogates the unoccupancy defense relates only to that endorsement. Although the endorsement is included in Form 18, it also appears separately in the policy and is, by its own terms, merely "attached" to the policy and "Effective Only When Premium for Extended Coverage * * * " is paid. The reason that such extra premium is required is that the endorsement covers many perils other than fire, which are not covered by the other provisions of the policy. Similarly, the reason that the unoccupancy defense is not available to the insurer for the extended coverage is that the risks of the perils insured against by that endorsement are not augmented by unoccupancy of the building. While the risk of fire is far greater in a vacant building, the risks of windstorm, hail, explosion, riot, riot attending a strike, civil commotion, aircraft, vehicles, and smoke are the same regardless of the state of occupancy of the premises. Thus, the provision refers only to "this endorsement," rather than the entire policy.

■ Moreover, although we agree with the cases [1] cited by plaintiff—for the proposition that uncertainty due to ambiguities contained in an insurance contract should be resolved in favor of the insured and if there are conflicting or inconsistent clauses the clause which affords the more inclusive benefit for the insured will govern—we find no ambiguity in the instant policy. The Extended Coverage Endorsement is a separate item which is merely "attached" to the policy. The provisions contained in the endorsement either pertain to it alone or serve to accommodate it to the rest of the policy.

1. Ocean Accident and Guarantee Corp. v. Aconomy Erectors, 224 F.2d 242, 247 (7th Cir. 1955); Iowa National Mutual Ins. Co. v. Fidelity and Casualty Co. of New York, 62 Ill.App.2d 297, 303, 210 N.E.2d 622, 625 (1965); McAllister v. Hawkeye Security Ins. Co., 68 Ill.App.2d 222, 224, 215 N.E.2d 477, 479 (1966); Michigan Mutual Liability Co. v. Hoover Bros. Inc., 237 N.E.2d 754, 758 (Ill.App. 1968).

■ We reject plaintiff's argument that, since the "Provisions Applicable Only When This Endorsement is Attached to a Policy Covering Rents or Consequential Loss" apply to other parts of the policy, all the provisions in the endorsement so apply. It must be noted that the above provisions do not differ from any other policy provisions, but merely define certain terms. On the other hand, the provision of the endorsement which abrogates the unoccupancy defense differs from the provision in the policy which creates such defense, due to the nature of the perils covered by the endorsement. Therefore, rather than creating an ambiguity, the language of the various sections of the policy adapts itself to the nature of those sections.

■ Since the defense of unoccupancy is abrogated only in relation to the extended coverage, there is no merit in plaintiff's argument that that defense is barred relative to plaintiff's loss of rental value. If the loss had been occasioned by one of the perils insured against in the Extended Coverage Endorsement, plaintiff would prevail in its contention; but since the loss in the instant case was occasioned by fire, the unoccupancy defense is available to defendant. Rent is not a "risk" or "peril" against which the insured is protected;[2] but rather it is an item of property which, like plaintiff's building, was covered by the various provisions of the policy. There is nothing in the "Rent or Rental Value Form" which changes the terms of the other provisions of the policy relative to the perils covered thereby.

■ Plaintiff lastly contends that even if its breach of the vacancy and unoccupancy provision otherwise bars it from recovering under the policy, it is subrogated to the mortgagee, who plaintiff claims is entitled to the proceeds of the policy, since plaintiff has paid the entire mortgage indebtedness. We disagree. The plaintiff, as mortgagor, was the principal debtor on the mortgage debt, the mortgagee was the principal creditor, and defendant was the surety under the contract. Once the principal debt was paid, the mortgagee had no right to recover anything from defendant. In fact, the only subrogation possible under this type of policy[3] is that of the surety (defendant) to the rights of the mortgagee against the mortgagor, had the surety paid a claim to the mortgagee under the policy. Kerber v. Girling, 254 Ill.App. 1, 6 (1929);[4] Clark v. Trainor, 237 Ill.App. 269, 275 (1925). Thus, the plaintiff's argument is for the reversal of the rights of the parties, and is not supported by the authorities or by logic.

■ In essence, plaintiff, as mortgagor, is ultimately liable for the principal debt, and since plaintiff lost its right to recover directly from the insurer, by virtue of the unoccupancy of the premises, it cannot recover indirectly by subrogation to the rights of its mortgagee when those rights neither exist nor run in favor of the plaintiff.

For the foregoing reasons, the judgment below is affirmed.

Affirmed.

2. See Miller v. Boston Ins. Co., 420 Pa. 566, 218 A.2d 275, 277 (1966); Physicians' Defense Co. v. Cooper, 199 F. 576, 579 (9th Cir. 1912).

3. "STANDARD MORTGAGE CLAUSE. Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy, and shall claim that, as to the mortgagor or owner, no liability therefore existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the parties to whom such payment shall be made * * * *."

4. In *Kerber*, at page 6, the Court stated: "The reasonable interpretation to be given to the subrogation clause found in the policies of insurance is that whenever the insurance companies, in good faith, deny liability to the assured and have reasonable grounds for such claim of non-liability, then and in that case they may take an assignment of the mortgage and be subrogated to the right of the mortgagee."